**Opinion issued December 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00650-CR

————————————

**MIRIAM ALICIA RADWAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1510170**

## MEMORANDUM OPINION

Appellant, Miriam Alicia Radwan, pleaded guilty to the offense of theft of property valued at $2,500 or more but less than $30,000. TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (West Supp. 2015). On June 9, 2016, in accordance with appellant's plea agreement with the State, the trial court entered an order deferring

adjudication of appellant's guilt and placing appellant on community supervision for a period of two years. The trial court certified that this was a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). On August 4, 2016, appellant filed a pro se notice of appeal challenging the June 9, 2016 order. We dismiss the appeal for want of jurisdiction.

In a criminal case, a defendant's notice of appeal is due within thirty days after sentence is imposed in open court or the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). The time for filing a notice of appeal may be further extended if, within fifteen days of deadline for filing the notice of appeal, appellant files the notice of appeal and a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3.

The trial court's order placing appellant on deferred adjudication community supervision was signed on June 9, 2016. Appellant's notice of appeal filed on August 4, 2016, fifty-six days after the judgment was signed, was untimely. *See* TEX. R. APP. P. 26.2. This Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other

than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because appellant's notice of appeal was untimely, we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522.

Moreover, in a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). "[I]n a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters [her] plea of guilty in exchange for deferred adjudication community supervision." *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). Accordingly, rule 25.2(a)(2) restricts an appeal when a defendant appeals her placement on deferred adjudication community supervision. *See id.*

Here, the clerk's record supports the trial court's certification that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal without further action. *See Chavez v. State*, 183 S.W.3d

675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).